WILLIAM BUCHANAN and another v. SAMUEL LOCKE.

Plaintiffs' counsel, in an action to be tried by jury, left the court-room for a few minutes, after another jury case had been called, with the trial of which the court could not proceed for the want of a sufficient number of jurors, there being only five or six present, and attachments having been issued. During his absence their case was called, and the plaintiffs nonsuited. At the time of his return, a sufficient number of jurors had not yet arrived. On appeal, *held*: that the plaintiffs should not have been nonsuited. *Per curiam.* Had their counsel been present, he could not, in the language of art. 536 of the Code of Practice, *have pleaded their cause*, no jury having been formed ; nor could the defendant, for the same reason, have tried the case *ex parte.*

APPEAL from the District Court of the First District, *Buchanan*, J.

MORPHY, J. The plaintiffs and appellants complain of a nonsuit entered against them, under the following circumstances : Their cause, which was to be tried by a jury, stood last upon the list of cases set down for trial on the 17th of June, 1840. A pre-

vious cause had been called, in which the parties were ready for trial, but a full jury not being in attendance, attachments had been issued for the absent jurors. Before these attachments were returned, and when no other cause could be tried, by reason of the one then before the court, and of the absence of a full jury, (there being only five or six jurors present,) this case was called, and the plaintiffs nonsuited, in consequence of the momentary absence of their counsel. The latter having returned into court about ten minutes after the nonsuit was granted, took a rule on the adverse party to set aside the order of nonsuit, and to have the case reinstated. This rule having been discharged, the plaintiffs appealed.

We feel indisposed, generally, to interfere in cases of this kind, which depend much on the rules of the inferior courts, and in which the Judge must necessarily have much discretion; but it appears to us, that, under the circumstances of this case, which are undisputed, the plaintiffs should not have been nonsuited Had their counsel been present, he could not have *pleaded their cause*, in the language of article 536 of the Code of Practice, because the tribunal which was to hear it could not be formed. The defendant could' not have tried the cause *ex parte*, if such had been his desire, there being no jury in attendance. The plaintiffs' counsel, who, the evidence shows, was ready for the trial, no doubt left the court-room, believing that nothing could be done in his case for some time, as there was no jury in attendance to try it, and as a previous cause was actually in progress of trial, by the attaching of jurors to complete a jury. Justice requires, in our opinion, that the case should be reinstated.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that this case be remanded to be proceeded in according to law; the appellees paying the costs of this appeal.

*Peyton*, for the appellants.

*Durell*, for the defendant.